# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OMAR J. TALLEY, | Case No. 2:18-cv-00806-RFB-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| F. SHANCEZ, ET AL., | |
| Defendants. | |

This matter is before the Court on Defendant Francisco Sanchez's Motion to Stay Discovery (ECF No. 17), filed on January 30, 2020. Pro se Plaintiff filed a Response (ECF No. 18) on February 4, 2020. Defendant filed a Reply (ECF No. 19) on February 11, 2020. Plaintiff filed a Surreply (ECF No. 20) on March 2, 2020. This Surreply was filed without any request for leave from the Court and in violation of Local Rule 7-2(b) and it is hereby ordered stricken.

Courts have broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at \*2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *see also Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at \*1 (D. Nev. Oct. 31, 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*,

288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction).

Further, the decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). In exercising its discretion, the court should consider primarily "the extent to which the defendant's fifth amendment rights are implicated" as well as the following factors: (1) plaintiff's interest in proceeding with the litigation or the potential prejudice to the plaintiff of delay; (2) the burden which any particular aspect of the proceeding may impose on defendants; (3) the convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interest of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Id.* at 325. "The extent to which a party's Fifth Amendment privilege against self-incrimination is implicated is generally determined by reference to the overlap between the civil and criminal cases and the status of the criminal matter." *Aspen Fin. Servs. v. Dist. C*t., 128 Nev. 635, 643, 289 P.3d 201, 206–07 (2012). The degree of overlap between the issues in the civil and criminal matters is "the most important factor at the threshold" in considering whether to grant the request for stay. *Id*.

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *See, e.g., Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value."); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases.

After considering all of the arguments raised by the parties, the Court finds that Defendant has carried his heavy burden of establishing that discovery should be stayed. Defendant seeks a stay of discovery pending the outcome of Plaintiff's criminal trial in state court, set for March 9,

2020, on the charge of battery by prisoner because that criminal case substantially overlaps Plaintiff's claims in this case. Indeed, in the event that Plaintiff is convicted in that state court criminal case, then his claims in this proceeding may be barred pursuant to *Heck v. Humphrey*, 412 U.S. 477, 483-87 (1994). The Court finds the issues to have significant overlap and the delay to be minimal. Moreover, the stay would further the efficient resolution of this matter given that the trial may provide evidence and testimony that would limit the need for discovery in this matter. Plaintiff opposes the stay because he believes that the trial will not be set for 12 to 48 months due to legal conflicts and "unknown remedies." (ECF No. 18, p. 2). However, that is not enough to warrant denying the stay in light of *Keating*. As such, the Court finds this is a case where a temporary stay of discovery will further the goal of judicial economy.

IT IS THEREFORE ORDERED that Defendant's Motion to Stay Discovery (ECF No. 17) is **granted**.

IT IS FURTHER ORDERED that the parties shall file a stipulated discovery plan and scheduling order within 14 days after the outcome of the criminal proceeding.

IT IS FURTHER ORDERED that the Clerk of the Court shall strike Plaintiff's Surreply (ECF No. 20) filed in violation of Local Rule 7-2(b).

DATED: March 19, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE